865 F.2d 1261
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kearney THOMAS, Defendant-Appellant.
 No. 88-7025.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 26, 1988.
Decided: Dec. 15, 1988.
 
 William E. Martin, Federal Public Defender, Edwin C. Walker (Federal Public Defender's Office), for appellant.
 Margaret Person Currin, United States Attorney, Thomas P. Swaim (Office of the United States Attorney), for appellee.
 Before DONALD RUSSELL, WIDENER and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kearney Thomas, a federal inmate, appeals from the district court's order committing him to the custody of the Attorney General for care and treatment pursuant to the provisions of 18 U.S.C. Sec. 4246.
 
 
 2
 Thomas contends that the district court erred in finding by clear and convincing evidence that Thomas was suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another or serious damage to the property of another person. These findings of fact made by the district court may not be disturbed unless clearly erroneous. United States v. United States Gypsum Co., 333 U.S. 364 (1948). Cf. Hall v. United States, 410 F.2d 653, 658 (4th Cir.), cert. denied, 396 U.S. 970 (1969). A review of the record reveals that the district court's findings were entirely warranted.
 
 
 3
 The district court heard expert testimony from a government psychiatrist who had examined Thomas that Thomas was suffering from dysthymiac and borderline personality disorders and that Thomas would pose a substantial risk to others if released. The court also received into evidence the written findings of an independent psychiatrist appointed by the court at the instance of Thomas who arrived at essentially the same diagnosis and conclusions.
 
 
 4
 Thomas contends that this evidence was undermined because the psychiatrist's testimony established that Thomas is coherent and cooperative, that he shows no evidence of delusions or hallucinations, and, perhaps most importantly, that Thomas's aggression is directed toward himself rather than others. However, while the psychiatrist did testify that Thomas often did manifest his aggression in the form of suicidal tendencies, he also testified that he had threatened to kill others and that he vacillates between aggressive behavior towards himself and towards others.
 
 
 5
 In sum, we cannot say the district court's finding that there was clear and convincing evidence that Thomas was suffering from a mental disease and would pose a substantial risk of bodily harm to another if released was clearly erroneous. Accordingly, we affirm the judgment of the district court.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.